741 P.2d 830

**In the Matter of Lawrence W. ALLRED, an Attorney Admitted to Practice before the Courts of the State of New Mexico.**

No. 17167.

Supreme Court of New Mexico.

Aug. 20, 1987.

Randall D. Van Vleck, Deputy Chief Counsel, Albuquerque, for Board.

Lawrence W. Allred, Las Cruces, pro se.

## OPINION

PER CURIAM.

This matter is before the Court following disciplinary proceedings conducted pursuant to SCRA 1986, Rules Governing Discipline, wherein attorney Lawrence W. Allred was found to have violated provisions of NMSA 1978, Code of Prof. Resp. (Repl.Pamp.1985) (now SCRA 1986, Rules of Professional Conduct). We adopt the Disciplinary Board's findings and conclusions and approve its recommendation that Allred be suspended from the practice of law for sixty (60) days.

Allred was appointed to represent Ronald Moore in three separate matters. The first involved a case in which Moore was named as defendant. Allred was served with a notice of deposition of his client which was scheduled for December 22, 1983. Allred failed to appear for the scheduled deposition and the case file fails to indicate any activity on Allred's part since that time. Allred's conduct in this instance violated NMSA 1978, Code of Prof.Resp. Rules 6–101(A)(3) and 7–101(A)(1) (now SCRA 1986, 16–101 and 16–103).

In a second case, Allred was retained by Moore to pursue Moore's claim against a third party. The complaint was filed by Moore's co-plaintiff in Metropolitan Court but alleged an insufficient amount of damages. Moore advised Allred of the oversight and requested that Allred file an amended complaint. Allred never amended the complaint. Allred prepared and had entered a judgment for an amount less than Moore's actual damages. Allred's representation of Moore in this matter violated NMSA 1978, Code of Prof.Resp. Rules 6–101(A)(3), 7–101(A)(1) and 7–101(A)(3) (now SCRA 1986, 16–101 and 16–303).

Allred also agreed to represent Moore in an IRS audit of Moore's 1980, 1981 and 1982 tax returns. Moore forwarded to Allred a 90–day statutory notice of deficiency. The notice stated that Moore could file for a redetermination of the amount of the tax owing within ninety days. Allred failed to file for a redetermination or take any other action on Moore's behalf.

In February 1986, Moore decided to seek tax assistance from other sources. Between February 17, 1986, and June 19, 1986, Moore requested on no fewer than six occasions that Allred release any materials he possessed concerning Moore's tax case. Allred never responded to Moore's requests. This conduct violated NMSA 1978, Code of Prof.Resp. Rules 2–110(A)(2), 6–101(A)(1), 7–101(A)(1), 7–101(A)(3) and 9–102(B)(4) (now SCRA 1986, 16–101, 16–303, 16–115 and 16–116).

Disciplinary counsel wrote to Allred on June 30, 1986, concerning Moore's allegations. Allred did not reply to the inquiry. Bar counsel wrote to Allred again on July

21, 1986, requesting a response by July 31, 1986. An extension of time until August 6, 1986 was granted, but by September 17, 1986, Allred still had not responded to the inquiry. Allred's conduct in this instance violated NMSA 1978, Code of Prof.Resp. Rule 1–101(C) (now SCRA 1986, 16–803). Allred's cumulative conduct violated NMSA 1978, Code of Prof.Resp. Rule 1–102(A)(6) (now SCRA 1986, 16–804).

IT IS THEREFORE ORDERED that Lawrence W. Allred be and hereby is suspended from the practice of law for a period of sixty (60) days pursuant to SCRA 1986, Rule 17–206(A)(2), the suspension period to commence effective August 10, 1987.

IT IS FURTHER ORDERED that Allred shall not be afforded readmission, regardless of the elapsed time, until he has paid the costs assessed against him in this matter.

IT IS FURTHER ORDERED that Allred must take and receive a passing score on the next Multistate Professional Responsibility Examination. In the event Allred should fail such examination, the matter shall be referred to this Court for further consideration.

IT IS FURTHER ORDERED that Allred shall file with this Court evidence of his compliance with all of the requirements of SCRA 1986, Rule 17–212 within ten (10) days of the filing of this order.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Lawrence W. Allred from the roll of those persons permitted to practice law in New Mexico and that this opinion be published in the *State Bar of New Mexico Bar Bulletin* and in the *New Mexico Reports.*

Costs of this action in the amount of $246.26 are assessed against Allred and are to be paid to the Disciplinary Board no later than October 10, 1987.

IT IS SO ORDERED.